UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**LARRY ROSS,**<br><br>Defendant. | Case No. 1:14-cr-00074-AWI<br><br>**ORDER DENYING DEFENDANT'S MOTION TO CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**<br><br>**ORDER DECLINING TO ISSUE COA** |

Defendant Larry Ross is a federal prisoner convicted of possession of a machinegun, in violation of 18 U.S.C. § 922(o), and possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). The conviction resulted from Defendant's guilty plea to counts one and three of a four count indictment.[1] In sum, Defendant agreed to plead guilty to the above-listed offenses and waive his right to challenge his sentence by way of a § 2255 motion[2] in exchange for the government's dismissal of the remaining counts of the indictment and non-opposition to a reduction in offense level for acceptance of responsibility under U.S.S.G. § 3E1.1(b). Doc. 10 at 2-6.[3]

---

[1] Defendant was also charged with possession of an unregistered firearm, in violation of 28 U.S.C. § 5861(d), and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

[2] Rather than require the United States to file a response indicating whether or not it seeks to enforce the waiver of collateral attack that it obtained against Defendant, the Court addresses Defendant's motion on the merits.

[3] Both parties made additional agreements not relevant to the motion at issue. See Doc. 10.

The Court sentenced defendant to a term of imprisonment of 101 months on each of counts 1 and 3, to be served concurrently.

Since Defendant's sentencing he has obtained reductions of two of his prior state controlled substance convictions from felonies to misdemeanors. See Doc. 24 at 2-3. In reliance on Johnson v. United States, 544 U.S. 295 (2005), Defendant contends that the reduction of those convictions should result in a reduction of his criminal history category and therefore his guideline range. As a result, Defendant seeks a reduction in sentence. For two reasons, Defendant is mistaken and not entitled to a reduction in sentence.

First, Johnson v. United States deals with a sentence that has been vacated, not one that has simply been reduced. 554 U.S. at 298. The United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") specifically exclude expunged convictions from being counted toward criminal history. U.S.S.G. § 4A1.2(j).[4] The same is not true for reduction in sentence.

The Guidelines do not draw a distinction between the designation of convictions as "felony" and "misdemeanor" for purposes of calculating criminal history. Instead, U.S.S.G. § 4A1.1 instructs courts to calculate criminal history points based on the duration of the sentence served on the prior conviction. Specifically, three points are added "for each prior sentence … exceeding one year and one month"; two points are added "for each prior sentence … of at least sixty days"; and one point for each sentence not counted in the first two categories. U.S.S.G. § 4A1.1. Although expunged convictions are not counted in calculating criminal history, U.S.S.G. § 4A1.2(j), reduction of a conviction from a felony to a misdemeanor does not impact the fact of the duration of the sentence served and therefore does not impact calculation of criminal history points. In this instance, Defendant served a term of imprisonment exceeding one year and one month on each of his now-misdemeanor prior drug convictions—a total of 860 days as to Fresno County Superior Court Case No. F07902012, and 764 days as to Fresno County Superior Court Case No. F12903569. Regardless of "misdemeanor" or "felony" designation, each of those prior sentences appropriately results in addition of three criminal history points.

---

[4] "A conviction set aside pursuant to California Penal Code section 1203.4 is not 'expunged' under Sentencing Guideline § 4A1.2." United States v. Hayden, 255 F.3d 768, 774 (9th Cir. 2001); accord U.S.S.G. § 4A1.2 cmt. n.10.

2

Second, Defendant's criminal history score is 19. Even assuming that the two prior sentences were not counted at all in the calculation of Defendant's criminal history category—removing six points from his criminal history score—he would still have 13 criminal history points, placing him in criminal history category VI. See U.S.S.G. Ch. 5, Pt. A (sentencing table).

Defendant is not entitled to a reduction in sentence.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant's motion to correct sentence pursuant to 28 U.S.C. § 2255 is DENIED;
2. The Court DECLINES to issue a Certificate of Appealability.  28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (in order to obtain a COA, petitioner must show: (1) that jurists of reason would find it debatable whether the petition stated a valid claim of a denial of a constitutional right; and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.) Slack, 529 U.S. at 484. In the present case, jurists of reason would not find debatable whether the petition was properly denied. Petitioner has not made the required substantial showing of the denial of a constitutional right.

IT IS SO ORDERED.

Dated:   August 18, 2016                                    _____
                                                                              SENIOR DISTRICT JUDGE